UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 6, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Renard P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-975-BAH

Dear Counsel:

Before the Court is Plaintiff's motion seeking payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,147.54. ECF 16, at 1. The Commissioner opposes the request and argues that a more appropriate award would total $4,460.67. ECF 17, at 8. Plaintiff filed a reply seeking $6,926.31, which represents an increase in the original request for fees to account for an additional 3.4 hours spent drafting the reply. ECF 18, at 10. For the reasons noted below, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $5,063.91 in attorney's fees.

"Disputes over EAJA petitions between [the Olinsky Law Group] and Defendant are becoming increasingly too common." *Catisha W. v. Kijakazi*, No. 21-1567-BAH, 2022 WL 16839564, at *3 (D. Md. Nov. 9, 2022). For this reason, I have previously ordered that in cases involving attorneys from the Olinsky Law Group, counsel must confer before the filing of future EAJA petitions in an effort to minimize time spent litigating the issue of compensation. *Id.* Just over a week before the filing of Plaintiff's motion, Judge Gallagher similarly ordered that in cases involving the Olinsky Law Group, counsel must "confer *before* the filing of future EAJA petitions in an effort to minimize time spent litigating the issue." *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *4 (D. Md. Jan. 17, 2023) (emphasis in original). "If a dispute arises over payment," Judge Gallagher directed that Plaintiff's counsel "must affirm in its motion seeking fees that it has consulted with counsel for Defendant and should explain, in detail, what disputes remain between the parties." *Id.*

Plaintiff's counsel hails from the Olinsky Law Group and thus is subject to the Court's requirements noted above. However, Plaintiff's motion states only that a copy of Plaintiff's motion was "sent" to opposing counsel who "consents/does not consent" to the relief requested therein. ECF 16, at 2. Putting aside the failure to identify opposing counsel's position in the motion, there is no indication that counsel for the parties conferred before the filing of the EAJA motion. Indeed, Plaintiff's time sheets do not reflect that any such conversation occurred. ECF 16-4, at 3. And despite being aware of the need to confer, counsel undertook no such effort to discuss the pending petition before filing a reply. Ordinarily, I would dismiss petition outright for noncompliance with the Court's rules. However, I will make an exception in this instance and rule on the merits of the fully briefed claim. In the future, however, counsel must confer *before* the filing of future EAJA petitions and affirm in their motion seeking fees that they have consulted with counsel for Defendant. Counsel must also explain, in detail, what disputes remain between the parties. A play-by-play of the conversation is insufficient; counsel must identify the specific

*Renard P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-975-BAH
March 6, 2023 Letter Opinion
Page 2

areas of disagreement and explain why the requested fees in these areas are reasonable.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the District Court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, it must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the District Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF 17, at 2. The Commissioner agrees with Plaintiff's proposed hourly rates of $229.05 per hour for attorney work and $100 for paralegal work performed in 2022. *Id*. at 1. The Commissioner contends, however, that Plaintiff seeks compensation for tasks that were "not reasonably expended and are not properly billable." *Id.* The Commissioner concedes that the requested fee award "is within the 'heartland' of recent fee awards in this District for similar cases." *Id.* at 3 (citing *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)). Nevertheless, the Commissioner the states that "the requested fees . . . extends well beyond the heartland without a reasonable basis." *Id.* I will address the Commissioner's objections below.

First, the Commissioner argues that billing 17.3 hours to "review the certified record and take notes" is unreasonable. *Id.* at 3. The Commissioner challenges as excessive the 17.3 hours Plaintiff spent "reviewing the certified record and taking notes" and "researching issues and drafting arguments." *Id.* at 5. The Commissioner also challenges the 4.9 hours spent "researching the issues and drafting arguments." *Id.* at 4–5. The Commissioner avers that:

> Plaintiff should not be rewarded for the inefficiency and protracted time spent providing a lengthy and detailed recitation of facts which this Court has said is of little assistance, especially as the two arguments (the ALJ did not provide evidence that demonstrates work exists in significant numbers, and that the ALJ finding that Plaintiff had frequent manipulative limitations) did not rely heavily on the facts of the particular case.

Case 1:22-cv-00975-BAH   Document 19   Filed 03/06/23   Page 3 of 5

*Renard P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-975-BAH
March 6, 2023 Letter Opinion
Page 3

*Id.* at 5. The Commissioner suggests a reduction in 5 attorney hours to address the issues above.

At the outset, I must note that the Commissioner incorrectly summarizes the arguments raised by Plaintiff in the key passage cited above, thus I am unclear as to whether the Commissioner legitimately objects to Plaintiff's requested fees for drafting the motion for summary judgment.[1] Plaintiff argued in the Motion for Summary Judgment that the Administrative Law Judge erred (1) by failing to follow the "special-technique regulation for evaluating mental health impairments," ECF 10-1, at 7, and (2) by failing to "discuss any of the mental health evidence contained in the record during [the ALJ's] RFC discussion," *id.* at 11. These arguments do rely on the specific evidence in the medical records here, thus justifying, at least in part, the nearly two days that counsel spent combing through the record and taking notes. I also credit Plaintiff's acknowledgment that the fee request does not seek "any time for the actual drafting of the statement of facts," including the lengthy summary of health records of the kind this Court has routinely denied compensation for. *See Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014). Regardless, I believe that some reduction is nonetheless warranted.

Removing the statement of facts and procedural sections, Plaintiff's brief numbers roughly six pages. Thus, Plaintiff avers that it took nearly three full workdays to review, research, and draft a handful of pages, large portions of which are very similar to briefs filed in other cases that likely took mere moments to cut and paste.[2] I note that the theory behind why claimants may bill for tasks such as "[c]ombin[ing], OCR[ing], and Live Bookmark[ing] Federal Court Transcript," ECF 16-3, at 2, is that it streamlines other tasks, most notably reviewing the administrative record. Thus, it is unreasonable to bill *both* for time spent performing the efficiency-promoting task and for an inefficient amount of time reviewing the record. Plaintiff's request is mitigated somewhat by the fact that the arguments raised in this particular case rested more on medical records than other cases, but the request for compensation is excessive nonetheless.

At minimum, Plaintiff has failed to explain what portion of these hours are devoted to what specific tasks. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. July 17, 2000) ("A

---

[1] The Commissioner incorrectly recalled Plaintiff's arguments as attacks on the alleged fact that "the ALJ did not provide evidence that demonstrates work exists in significant numbers, and that the ALJ finding that Plaintiff had frequent manipulative limitations." ECF 17, at 5. The Commissioner also summarized the arguments raised by Plaintiff as challenges to the "evaluation of opinion evidence and RFC limitations." *Id.* at 3. Neither of these summaries is completely correct.

[2] There is nothing improper about recycling suitable legal argument from earlier filings. However, Plaintiff must obviously discount the time spent drafting a brief for time saved through the efficient use of the copy and paste function.

*Renard P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-975-BAH
March 6, 2023 Letter Opinion
Page 4

fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."). For example, Plaintiff bills 4.9 hours for "researching issues" and "drafting arguments." ECF 16-4, at 2. Since this billing entry does "not differentiate between the time allotted to the different tasks performed," I cannot "assess whether the time he allotted to 'legal research' comports with the amount of research used in the briefing." *Larry W. v. Soc. Sec. Admin.*, No. SAG-19-3089, 2021 WL 2685364, at *2 (D. Md. June 30, 2021). Moreover, Plaintiff did not need to file a reply brief, further limiting the need for research and writing. I will reduce Plaintiff's counsel's compensable time by 4 hours.

The Court chooses not to revisit its previous position that the arguably clerical work cited by Defendant is nonetheless compensable. ECF 18, at 6–7 (citing *April J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *4 (D. Md. Sept. 2, 2022)). I will, however, reduce the time spent reviewing the IFP petition by .3 hours of paralegal time as it is unlikely that the completion of the form in this case took more than a few minutes, and certainly not a half an hour. ECF 16-3, at 2. I am also compelled to address the 6 minutes billed for the "review [of the] order granting [Plaintiff's] motion to remand for further proceedings." ECF 16-3, at 3. The request for 6 minutes of compensation to read a 7-word line order is unreasonable.[3]

I decline to compensate Plaintiff for a half hour of work performed on January 23, 2023, creating components of the Motion for Attorney's Fees because, as I have already discussed, that motion failed to comport with the Court's instructions. *See* ECF 16-3, at 3. I similarly decline to compensate counsel for time spent litigating the fees in this case, a task that, as noted, is apparently now a given in all cases involving Plaintiff's law firm. Though the Court unquestionably is permitted to do so as it exercises its "substantial discretion [to] fix[] the amount of an EAJA award," I find that such compensation unnecessary in this case to achieve a "reasonable" final reward. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).[4]

With the above-noted reductions of 4.6 attorney hours and 0.3 paralegal hours, Plaintiff's requested compensation is reduced by $1,083.63 ((4.6 × $229.05) + (0.3 x $100)). The result is a final award of $5,063.91. Despite this reduction, counsel is advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Shecona W.*, 2023 WL 195471, at *3 (quoting *Duane H.*, 2022 WL 2532425, at *2) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on

---

[3] Counsel also seeks reimbursement for time spent "explain[ing]" the "issues raised" in the remand order. ECF 16-3, at 1. Since no issues were raised in the short line order, I am unclear on what required further explanation. However, since that entry includes a purported explanation of the issues raised on appeal, I will not reduce Plaintiff's request for this time.

[4] I also note that though that brief was signed by attorney Jason McCaul, ECF 18, at 10, the timesheet reflects that it was drafted by another person (Melissa Palmer). ECF 18-1, at 2. This difference is not addressed in counsel's fee request and I am reluctant to find reimbursement for the filing to be reasonable without additional explanation.

*Renard P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-975-BAH
March 6, 2023 Letter Opinion
Page 5

November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).

       A separate implementing Order follows.

                               Sincerely,

                               /s/

                               Brendan A. Hurson
                               United States Magistrate Judge